UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL W. GAHAGAN**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　**NO. 15-796**

**UNITED STATES CITIZENSHIP AND**　　　　　　　　　**SECTION "B"(2)**
**IMMIGRATION SERVICES**

ORDER AND REASONS

I.   NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is a motion for summary judgment filed by Plaintiff, Michael Gahagan.[1] Plaintiff seeks summary judgment relative to certain requests for information he submitted, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to Defendant, the United States Citizenship and Immigration Services ("USCIS"). The USCIS has filed an opposition.[2] Accordingly, and for the reasons enumerated below, **IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 7) is **DENIED**.

II.  FACTUAL BACKGROUND

In his complaint, Plaintiff Michael W. Gahagan, an immigration attorney, alleges that he requested a copy of agency records from the U.S. Immigration and Customs Enforcement

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 8.

1

("USICE") New Orleans, Louisiana Office of the Chief Counsel pursuant to The Mandatory Access Law, 8 U.S.C. § 1229(a)(c)(2)(B), INA § 240(c)(2)(B) so that he could effectively represent his client, Lloyd Patterson in removal proceedings before the New Orleans, Louisiana Immigration Court.[3]

Plaintiff claims that on November 25, 2014, he properly filed a FOIA request for a copy of Patterson's Form I-485 Receipt Notice from the U.S. Citizenship and Immigration Services ("USCIS").[4] The request was received by the National Records Center ("NRC"), a component within USCIS. The NRC responded with a letter, dated December 16, 2015, informing Plaintiff that 429 pages were being released in their entirety, 36 pages were being released in part, 11 pages were being withheld in full, and 33 pages were being referred to the U.S. Immigration and Customs Enforcement ("ICE") for processing and direct release.[5] On January 16, 2015, Plaintiff filed an appeal to the government's disclosure of the information. On February 10, 2015, the USCIS produced ten (10) partially withheld pages of responsive records; however, Plaintiff contends it did not provide the requested Form I-485.[6]

---

[3] Rec. Doc. No. 1 at 7.
[4] Rec. Doc. No. 1 at 8.
[5] Rec. Doc. No. 1 at 9; Rec. Doc. No. 8 at 2.
[6] Rec. Doc. No. 1 at 9.

Gahagan claims that Defendant's delay has "irreparably harmed" him, since he will be unable to prepare adequately to defend Mr. Patterson in his removal proceedings."[7] Gahagan asserts that he has exhausted his administrative remedies in connection with his FOIA requests. On March 11, 2015, Plaintiff filed this lawsuit seeking attorney's fees pursuant to the Equal Access to Justice Act and FOIA, as well as declaratory and injunctive relief finding that defendants violated FOIA by failing to respond to his FOIA request, and order defendant to conduct a reasonable and adequate search for the requested information, and enjoin defendant from continuing to withhold the documents.[8]

In response, Defendant argues that the agency: (1) conducted a legally adequate search; (2) the agency released the I-485 at issue on April 24, 2015, after the filing of the instant motion; and therefore, (3) the instant motion should be dismissed as moot.[9]

### III.   LAW AND ANALYSIS

a. **Summary Judgment & the Freedom of Information Act**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[7] Rec. Doc. No. 1 at 10.
[8] Rec. Doc. No. 1 at 10.
[9] Rec. Doc. No. 8 at 3.

together with the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 749 (5th Cir. 2002).

In the FOIA context, the traditional standard is modified because "the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released." *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002). Accordingly, the FOIA statute provides that, when the Government withholds information from disclosure, the agency has the burden to prove *de novo* that the information is exempt from disclosure. § 522(a)(4)(B).

In applying this standard, the Court is mindful of the purpose behind the FOIA. The FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)(quotation marks and citation omitted). The exemptions to disclosure are explicitly limited by statute and should be construed narrowly. *Batton v. Evers,* 598 F.3d 169, 175 (5th Cir. 2010) (quoting *Department of the Air Force v. Rose,* 425 U.S. 352, 361, (1976)); *see also Mavadia v. Caplinger,* Civil

Action No. 95-3542, 1996 WL 592742, at *1 (E.D. La. Oct. 11, 1996)(Vance, J.)(FOIA "created a basic policy of full agency disclosure and a broad right of access to official information, reflecting citizens' right to know what their government is up to.")(quoting *United States Department of Justice v. Reporters Committee for Freedom of Press,* 489 U.S. 749, 772-73 (1989)(internal quotations omitted)).

FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ..., shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

> FOIA provides that federal district courts:
>
> Have jurisdiction to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth...
>
> In additional to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(b). 5 U.S.C. § 552 (a)(3)(B).

In a FOIA action, an agency's supporting affidavits and declarations are entitled to the "presumption of legitimacy" in

5

the absence of evidence of bad faith. *Batton,* 598 F.3d at 175 (5th Cir. 2010) (citing *U.S. Dep't of State v. Ray,* 502 U.S. 164, 179 (1991)). "Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned." *McQueen v. United States*, 264 F. Supp. 2d 502, 514 (S.D. Tex. 2003)(internal citations omitted), *aff'd*, 100 F. App'x 964 (5th Cir. 2004). However, the burden of establishing the validity of a decision to withhold information remains with the agency, and the Court will not accept an agency's conclusory and generalized assertions on a motion for summary judgment. *Batton*, 598 F.98 at 175.

Also at issue in this matter is the delayed release of the requested Form I-485 Receipt Notice. Defendant contends that the release of the document moots the instant summary judgment motion. The U.S. Fifth Circuit Court of Appeals has held that an agency's production of requested records may render a plaintiff's FOIA claim moot. *Ayanbadejo v. Chertoff,* 517 F.3d 273, 278 (5th Cir. 2008). Therefore, Plaintiff's motion is rendered moot to the extent that an injunction is sought to enjoin USCIS from withholding the I-485 at issue. However, Plaintiff's FOIA request sought additional records, some of which were withheld or referred and forms the basis for the instant challenge. Moreover, FOIA provides that courts "may

assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case...in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).[10] Subsumed in the foregoing issue, is the declaratory judgment claim, that is, whether a FOIA violation has occurred. Consequently, the Court addresses the merits of the motion.

**b. Analysis**

1. Adequacy of Search

The parties do not dispute that the documents at issue are "agency records," within the meaning of FOIA. As a threshold matter, the Court must first address whether the USCIS' search for responsive documents was adequate. *Santos v. DEA,* 357 F. Supp. 2d 33, 37 (D.D.C. 2004). An agency may demonstrate that it conducted an adequate search by showing that it used "methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 68 (D.C. Cir. 1990). The proper focus in this inquiry is on the adequacy of the search, not on whether other responsive documents may exist or whether the agency searched every record system. *Batton,* 598 F.3d at 176; *see also Weisberg,* 745 F.2d at 1485

---

[10] A FOIA "complainant has substantially prevailed" and, consequently is eligible for a fee award if it "has obtained relief-through either- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency if the complainant's claim is not insubstantial." 5 U.S.C. §522(a)(4)(A)(E)(ii). However, because the release of the document was made after the filing of the instant motion, this issue has not been briefed by the parties.

7

("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate").

In this case, USCIS relies on the sworn Declarations of Jill A. Eggleston, the Assistant Center Director in the FOIA/PA Unit, National Records Center, USCIS.[11] The Eggleston declaration states that upon receipt of Plaintiff's FOIA request, NRC staff reviewed Mr. Patterson's Alien File ("A-File")[12] and determined that because it contained multiple I-485 applications for USCIS adjudication, and documents related to those applications, the entire A-file would be processed for release (in whole or in part).[13] The records are located on the "Alien File/Central Index System," a centralized and consolidated electronic system of records through which A-Files are stored, maintained, updated, tracked, and retrieved.[14] As a result of the search, Defendant identified 509 responsive documents, 429 of which were released

---

[11] Rec. Doc. No. 8-2 (Exhibit A), Jill Eggleston Declaration.

[12] Rec. Doc. No. 8-2 at 4 (Exhibit A), Eggleston Declaration: The A-File "is the official record where all immigration transactions involving a particular individual are documented and stored as he passes through the immigration and inspection process."

[13] Rec. Doc. No. 8-2, Eggleston Declaration at 4. As Eggleston explains: "An A-file is the official government record that contains information regarding transactions involving an individual as he/she passes through the U.S. immigration and inspection process…Although USCIS is the official custodian of all A-Files and the system manager for the Alien File/Central Index System, both the files and systems are shared with U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection, all of which create and contribute documents to A-Files. USCIS is the custodian of all A-Files, including Mr. Patterson's A-File. All official records generated or held by U.S. immigration authorities pertaining to Mr. Patterson's U.S. immigration transactions should, as a matter of course, be consolidated in the A-File, maintained under and retrievable by reference to Mr. Patterson's name and Alien number, and date of birth, or combination thereof."

[14] Rec. Doc. No. 8-2, Eggleston Declaration at 4.

in full, 36 of which were released in part, 11 or which were withheld in full, and 33 of which were being referred to ICE.

Defendant subsequently conducted an additional search. Upon determination that if there were any records in the agency's custody, the records would be located at the Texas Service Center (TSC), which is the USCIS office that accepts copies of applications filed in cases within the jurisdiction of the Department of Justice Executive Office for Immigration Review ("EOIR"). The TSC confirmed that its office no longer had a receipt of the file because USCIS did not have jurisdiction over the application. The TSC was able to retrieve an archive copy of the EOIR receipt notice that was generated by the database automatically when a copy of the application was initially received.[15]

Plaintiff specifically requested "all nonexempt information on behalf of my client," and specifically, "a copy of my client's Form I-485 Receipt...bearing receipt number SRC-14-127-50122."[16] The processing of Patterson's entire A-File is reasonable, in light of the request. The Eggleston Declaration states that a search was conducted using the available systems and electronic databases, which is not disputed. Plaintiff challenges the adequacy of the search on the basis that the Form

---

[15] Rec. Doc. No. 8-2 at 6 (Exhibit A), Eggleston Declaration.
[16] Rec. Doc. No. 7-5 (Exhibit 2).

9

I-485 was not originally located; however, the methods, and not the results, form the basis of the inquiry here. The Court concludes that the Eggleston declaration sufficiently establishes the adequacy and reasonableness of the USCIS' search.

Plaintiff also contends USCIS failed to respond within the 20 business day period established by applicable statute. Under FOIA, each agency, upon any request for certain records shall determine within 20 days[17] after the receipt of any request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A). Plaintiff's request was received on November 25, 2014,[18] and on December 16, 2014,[19] the agency responded with a letter providing its "determination and the reasons therefore," and enclosing copies of the records to be disclosed.[20] Under the plain meaning of the statute, the Court concludes that USCIS did not fail to timely or properly respond.

In sum, the Court concludes that the USCIS has demonstrated that the agency performed a search reasonably calculated to

---

[17] "Excepting Saturdays, Sundays and legal public holidays." 5 U.S.C. § 552(a)(6)(A).
[18] Rec. Doc. No. 7-5 at 2 (Exhibit 3).
[19] Rec. Doc. No. 7-7 (Exhibit 4).
[20] Rec. Doc. No. 7-2 at 9; Rec. Doc. No. 8-2 at 4, Eggleston Declaration.

yield responsive documents to Plaintiff's FOIA request, and that the agency properly responded within the time period set by FOIA.

## 2. Redaction without Disclosing Segregable Portions

Second, the Court considers whether USCIS is unlawfully withholding segregable portions of five (5) fully redacted agency records.[21] Pursuant to § 522(b), a FOIA requester is entitled to "any reasonably segregable portion of a record...after deletion of the portions which are exempt under this subsection." The Eggleston Declaration states that USCIS made appropriate redactions and withholdings pursuant to FOIA Exemption 6.[22] Exemption 6 provides that an agency need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6).

The U.S. Supreme Court has clarified that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny, rather than on the particular purpose for which the

---

[21] Plaintiff's motion contests eleven (11) documents; however, additional disclosures were made following Plaintiff's appeal of the agency's initial determination. Rec. Doc. No. 8-2 (Exhibit F). Plaintiff does not take issue with the partially redacted records. *See* Rec. Doc. No. 7-2 at 20-24.
[22] Rec. Doc. No. 8-2 at 38, 44 (Exhibit I).

11

document is being requested." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 772 (1989) (internal citation and quotation marks omitted). Instead, the "court must balance the public interest in disclosure against the interest Congress intended the Exemption to protect." *Id.* at 776. The Fifth Circuit has performed the same analysis in cases arising under Exemption 6. *Avondale Indus., Inc. v. NLRB,* 90 F.3d 955, 960 (5th Cir. 1996).

In assessing whether documents have been properly redacted, the Court may consider an agency's detailed index identifying the documents and articulating a basis for the withholding of each document ("a *Vaughn* index"). *Batton,* 598 F.3d at 174 (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)). A *Vaughn* index is a detailed index which identifies documents located in response to a FOIA request and explains why they are being withheld. *Batton*, 598 F.3d at 176.

The Court considers whether there is sufficient factual basis upon which to rule on the withholdings. Here, attached to Eggleston's affidavit is a table that identifies and describes each document in which information was withheld and explains how the exemption applies to the withholdings. The detailed index provided states that the five fully redacted documents at issue include personal identifying information, such as: dates of

birth, addresses, phone numbers, social security numbers, and financial information.[23] According to the index, the documents consist of: "[c]opy of a Form 1040, U.S. Individual Income Tax Return for 2001, 2002, and 2003 and related tax worksheets pertaining to an individual other than the Plaintiff who has not provided consent for disclosure;" and, "copy of a Form 1040A, U.S. Individual income Tax Return for 2008 and related tax worksheets pertaining to an individual other than the Plaintiff who has not provided consent for disclosure."[24]

Resort to *in camera* review is purely discretionary, and the Court finds review of these documents unnecessary, given the detailed nature of the index provided. *Stephenson v. IRS*, 629 F.2d 1140, 1144 (5th Cir. 1984)(finding that some kind of showing is required to establish the validity of a claimed exemption). Based on the foregoing, the Court finds no evidence of bad faith on the part of USCIS with regard to the fully redacted documents, particularly in light of the fact that five documents, out of more than 500, were fully redacted, and therefore declines to question the veracity of the USCIS's submissions.

---

[23] Rec. Doc. No. 8-2 at 2, 8 (Exhibit I).
[24] Rec. Doc. No. 8-2 at 2, 8 (Exhibit I).

### 3. Referral to ICE

Next, the Court addresses whether Defendant improperly referred thirty-three (33) pages of responsive agency records to Immigration and Customs Enforcement. The December 16, 2014 determination letter states: "USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you."[25]

Plaintiff argues that it is unlawful under FOIA to refer responsive agency records to another agency for longer than 30 days. USCIS argues that the referral process between USCIS and ICE is quite common, given the similar nature of immigration enforcement between the two agencies. Moreover, an individual's A-file is a central database that is shared by USCIS and ICE.[26] USCIS also notes that Plaintiff has encountered this referral process in prior lawsuits against USCIS, and in each case, the referred documents were processed and released to Plaintiff by ICE, without significant impairment or delay. USCIS contends referral was appropriate here because the referred documents originated from ICE, and the referral has not resulted in significant delay. Further, Defendant argues, only 33 out of more

---

[25] Rec. Doc. No. 8-2 at 24 (Exhibit C).
[26] Rec. Doc. No. 8-2 at 4 n. 2 (Exhibit A), Eggleston Declaration.

than 500 documents were referred, and such a minimal referral, when "coupled with the routine nature of the same," should not constitute an improper withholding.[27]

An agency "cannot simply refuse to act on the ground that the documents originated elsewhere," however, the "agency may acquit itself [of a FOIA request] through a referral, provided the referral does not lead to improper withholding under the *McGehee* test." *Sussman v. United States Marshals Serv.,* 494 F.3d 1106, 1118 (D.C. Cir. 2007)(citing *McGehee, v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)); *Electronic Privacy Info. Center v. Nat'l Sec. Agency,* 795 F.Supp.2d 85, 93-94 (D. D.C.2011) ("[T]he NSA's referral of the FOIA request to the NSC does not relieve the NSA of its continuing obligation to respond to the request. An agency may only properly refer a FOIA request to another agency when doing so does not constitute an improper withholding of agency records.")).

"[A]n agency may adopt procedures by which documents in the agency's possession, but which did not originate with the agency, may be referred to the originating agency for processing." *Id; McGehee,* 697 F.2d at 1110. Under the *McGehee* test, a referral may not significantly impair the requester's ability to obtain the records or significantly increase the

---

[27] Rec. Doc, No. 8 at 13.

amount of time the requester must wait to obtain the records. *McGehee,* 697 F.2d at 1110. The D.C. Circuit's *McGehee* decision is not binding on this Court, but no Fifth Circuit authority addresses the issue *McGehee* addresses, and this Court finds *McGehee* addresses, and this Court finds *McGehee*'s analysis persuasive.

The Court considers whether the "net effect" of the referral has either significantly impaired Plaintiff's ability to obtain the records or significantly increased the amount of time Plaintiff must wait to obtain them. *See McGehee*, 697 F.2d at 1111, n. 71. Plaintiff argues that the referral has prevented him from being able to view Patterson's Form I-485 Receipt Notice and prepare adequately for trial. The Eggleston Declaration states that the agency was not in possession of the notice. Therefore, the referral of the 33 documents did not hinder Plaintiff's representation of his client in that regard. The Court accepts the foregoing; however, the issue is whether the referral of responsive records constitutes an improper withholding.

In *Oregon Natural Desert Ass'n (ONDA) v. Gutierrez,* a FOIA request was made by ONDA on April 30, 2004. 409 F. Supp. 2d 1237, 1250 (D. Ore. Jan. 9, 2006). NOAA Fisheries referred documents on November 9, 2004 and January 26, 2005. *Id*. The

referral agencies released documents from December 8, 2004 through March 2, 2005. *Id*. The court there held that a referral regulation did not significantly increase the time to get records although six months occurred prior to the first referral, and documents were not released for at least seven months from the date of the request at issue. *Id*.

Similarly, in *Keys v. Department of Homeland Sec.*, the Secret Service referred sixteen pages of responsive material on June 4, 2008; however, the referral agency did not respond for nearly a year, and the Secret Service failed to follow up. 570 F. Supp. 2d 59, 70 (D.D.C. Aug. 11, 2008)(dismissing the issue as moot because the Secret Service either released or properly withheld all of the documents that had originally been referred). The court found that the net effect of the referral was to significantly increase the amount of time the plaintiff had to wait. *Id*.; *see also Hall v. C.I.A.*, 668 F.Supp.2d 172, 182 (D.D.C. Nov. 12, 2009) (finding two year delay constituted an improper withholding).

This is not the case here. The FOIA request was received on November 25, 2014, and on or about December 16, 2014, USCIS referred 33 pages to ICE. Plaintiff contends in the subject Motion that, as of April 21, 2015, the 33 documents have not been produced. Reasonableness is the standard to be applied and

the Court concludes that a four month wait is not unreasonable. *See McGehee*, 697 F.2d at 1100 (holding that agency did not adequately substantiate its date of request cut-off policy when documents were not disclosed until nearly two and one-half years after the original request). The referral has not significantly increased the amount of time Plaintiff must wait, and therefore does not constitute an improper withholding.

**IV. CONCLUSION**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 7) is **DENIED.** Although the Court declines to grant Gahagan the precise relief he has requested, the Court holds that the USCIS is responsible for responding to the request and that it must take affirmative steps to ensure that its referrals are being processed, which it should describe in a supplemental filing, no later than <u>Tuesday, June 23, 2015</u>.[28]

New Orleans, Louisiana, this 11th day of June, 2015.

UNITED STATES DISTRICT JUDGE

---

[28] Alternatively, USCIS may file its respective Motion for Summary Judgment under the appropriate circumstances.

18