UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL W. GAHAGAN**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 15-796**

**UNITED STATES CITIZENSHIP AND**                         **SECTION "B"(2)**
**IMMIGRATION SERVICES**

ORDER AND REASONS

I.  NATURE OF THE MOTIONS AND RELIEF SOUGHT

Before the Court are two Motions for Summary Judgment. The first was filed by the Defendant, United States Citizenship and Immigration Services ("USCIS"), on July 23, 2015 seeking summary judgment on the ground that the agency had fully complied with Plaintiff's Freedom of Information Act ("FOIA") request. (Rec. Doc. No. 12). The Plaintiff, Michael Gahagan, filed a Response in Opposition. (Rec. Doc. No. 13). This Court then ordered that Motion held in abeyance pending further filings by the Defendant. (Rec. Doc. No. 15). Subsequently, Plaintiff filed a Second Motion for Summary Judgment which is also before this Court. (Rec. Doc. No. 17). Plaintiff's Motion seeks judgment in his favor with regards to his FOIA claim and also asks that certain filings by Defendant be stricken from the record. (Rec. Doc. No. 17). Defendant filed a Response in Opposition. (Rec. Doc. No. 18). For the reasons set forth below,

**IT IS ORDERED** that Plaintiff's Second Motion for Summary Judgment (Rec. Doc. No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 12) remain **HELD IN ABEYANCE** pending compliance with this order.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 11, 2015, Gahagan, an immigration attorney, filed suit alleging that USCIS violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, in response to a FOIA request that Plaintiff filed on November 25, 2014. (Rec. Doc. No. 1 at 8). This case, described in greater detail in previous orders of this Court,[1] centers around Plaintiff's FOIA request to USCICS seeking information needed to effectively represent his client in a removal proceeding. (Rec. Doc. No. 1 at 8). Importantly, 33 of the over 500 requests were referred by USCIS to U.S. Immigration and Customs Enforcement ("ICE") for processing. (Rec. Doc. No. 10 at 2).

On April 21, 2015, Plaintiff filed his first Motion for Summary Judgment (Rec. Doc. No. 7), which this Court denied in an Order and Reasons that also required the Defendant to "take affirmative steps" to ensure that's its referrals to ICE were being processed. (Rec. Doc. No. 10 at 18). Defendant then filed the

---

[1] For a more detailed summary of the factual allegations, see this Court's Order and Reasons denying Plaintiff's first Motion for Summary Judgment. *Gahagan v. U.S. Citizenship and Immigration Services*, No. 15-796, 2015 WL 3651220, (E.D. La. June 11, 2015). *See also* Rec. Doc. No. 15.

2

Motion for Summary Judgment that is now before the Court, presenting a letter from ICE to the Plaintiff ("the ICE letter") which USCIS contended was sufficient proof of its duty to ensure the referrals were processed. (Rec. Doc. No. 12). The letter explained that portions of the documents coming from ICE were being withheld pursuant to FOIA exemptions, but the letter did not detail the specific exemptions that applied to each redacted document. Rec. Doc. No. 12-2. This Court deemed the ICE letter insufficient, instead ordering the Motion held in abeyance pending the agency's filing of a *Vaughn* Index. (Rec. Doc. No. 15).

More specifically, this Court found that USCIS's inclusion of an unsworn letter with its Motion for Summary Judgment failed to meet the previous order's requirement of an "affirmative step" ensuring the referrals were processed appropriately, because the letter did not provide a sufficient factual basis to assess whether ICE had properly redacted the documents it provided. (Rec. Doc. No. 15 at 14). Relying on *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010), this Court acknowledged that an agency's supporting affidavits and declarations are entitled to a "presumption of legitimacy." (Rec. Doc. No. 15 at 14). Nevertheless, the documents provided by USCIS were too "conclusory and generalized" to support a motion for summary judgment. (Rec. Doc. No. 15 at 14). Accordingly, the Order and Reasons mandated that USCIS file a *Vaughn* Index detailing the contents of the documents provided and

3

the factual basis for the asserted exceptions. On August 31, 2015, USCIS supplemented its Motion with a *Vaughn* Index as requested. (Rec. Doc. No. 16). Plaintiff responded with his Second Motion for Summary Judgment requesting judgment in his favor and an order striking the *Vaughn* Index from the record. (Rec. Doc. No. 17). Defendant then filed a response in Opposition. (Rec. Doc. No. 18).

### III. THE PARTIES' CONTENTIONS

Here, both parties seek summary judgment. Defendant originally sought summary judgment on the ground that the ICE letter fulfilled its duty to ensure that the referrals to ICE were processed.[2] However, in light of this Court's August 17, 2015 Order and Reasons, Rec. Doc. No. 15, the issue now is whether the *Vaughn* Index filed by the Defendant meets the above standard. In Plaintiff's Second Motion for Summary Judgment, he contends that the Defendant has not met its burden of proving that it lawfully withheld information because the *Vaughn* Index contains a declaration made by an individual without personal knowledge of the information contained therein. Defendant responds in its Opposition Memorandum that the declarant's knowledge of the redacted material meets the applicable standard.

### IV. LAW AND ANALYSIS

---

[2] Defendant's Motion also addressed the proper standard for interagency referrals of FOIA requests, but that issue was resolved by this Court's August 17, 2015 Order and Reasons, Rec. Doc. No. 15, and thus does not require further discussion.

4

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002). However, the standard of review in FOIA cases differs. *Cooper Cameron Corp. v. U.S. Dep't. of Labor, Occupational Safety, and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002).

   a. **Summary Judgment Standard Under the Freedom of Information Act**

The summary judgment standard in the FOIA context differs because "the threshold question in any FOIA suit is whether the requester can even *see* the documents[,] the character of which determines whether they can be released." *Cooper Cameron*, 280 F.3d at 543. While the Act reflects a "general philosophy of full agency disclosure," *John Doe Agency v. John Doe Corporation*, 493 U.S. 146, 152 (1989), Congress recognized that "public disclosure is not always in the public interest." *Cent. Intelligence Agency v. Sims*, 471 U.S. 159, 167 (1985). Accordingly, the Act contains nine specific exemptions to disclosure. *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 621 (1982).

5

In the summary judgment context, when the government withholds information from disclosure pursuant to one such exemption, "the agency has the burden to prove de novo that the information is exempt from disclosure." *Batton*, 598 F.3d at 175. While an agency's determination to withhold is entitled to a "presumption of legitimacy," "conclusory and generalized" justifications for withholding documents are insufficient grounds for granting summary judgment. *Id*. Rather, a court should only grant summary judgment for an agency if the agency demonstrates "that the factual information sought falls within the statutory exemption asserted." *Id*. Therefore, the primary issue is whether Defendant's *Vaughn* Index adequately demonstrates that each piece of redacted information sought by Plaintiff falls within a statutory exemption.

### b. The *Vaughn* Index Submitted by USCIS

"A *Vaughn* Index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material." *Batton*, 598 F.3d at 174 (quoting *Jones v. FBI*, 41 F.3d 238, 241 (6th Cir. 1994). According to the D.C. Circuit, the federal appellate court with the most experience in this field, *Cooper Cameron Corp*., 280 F.3d at 543, there are three indispensable elements of a *Vaughn* Index: 1) it must be contained in one complete document; 2) it must adequately describe each

redaction or each withheld document; and 3) it must identify the claimed exemption and explain its relevance. *Founding Church of Scientology of Washington, D.C., Inc. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979). *See also Davis v. C.I.A.*, 711 F.2d 858, 861 (8th Cir. 1983); *White v. I.R.S.*, 707 F.2d 897, 899 (6th Cir. 1983); *Chilivis v. S.E.C.*, 673 F.2d 1205, 1208 n.9 (11th Cir. 1982). While the descriptions need not be so detailed as to reveal the information sought to be withheld, "they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology*, 603 F.2d at 949. The *Vaughn* Index submitted by USCIS will be analyzed under these guidelines.

The Index submitted by USCIS is a table consisting of five columns which in turn identify: 1) the page number of the withheld or redacted document; 2) the exemptions applied; 3) a description of the document; 4) a description of the redacted information and the statutory authority for it; and 5) the disposition of the document. (Rec. Doc. No. 16-1) Accompanying the Index is the signed declaration of Fernando Pineiro, the Deputy FOIA Officer at ICE, attesting to the accuracy of the information provided in the Index. (Rec. Doc. No. 16-1). While Plaintiff's Second Motion for Summary Judgment does not take issue with the substance of the *Vaughn* Index itself (Rec. Doc. No. 17), the justifications for redaction provided by USCIS do present significant concerns.

Take for instance the Index's first entry, which addresses the redactions from page number one. The second and fifth columns of the entry explain that page one is only partially withheld pursuant to exemptions (k)(2), (b)(6), and (b)(7)(c).[3] The third column then describes the document as the "Filing Request" contained within the Alien File, which includes "Case Information" and a "Notice of Filing." The problem arises with the fourth column that is supposed to describe the redacted information and the relevant exemption.

That column clearly indicates that particular names, signatures, and initials of ICE attorneys and legal assistants are redacted pursuant to exemptions (b)(6) and (b)(7). Further, the document adequately explains the relevance of those exemptions to the redacted material. However, the initial paragraph in that column also explains that the entire document is potentially exempt from release pursuant to exemption (k)(2) as investigatory material compiled for law enforcement purposes. What remains unclear is whether any other information was actually redacted pursuant to (k)(2). If so, USCIS would need to describe that information in more detail in the fourth column, rather than simply saying that "[a]ll information contained within this system of records is exempt from release." If no other information was

---

[3] These are shorthand for 5 U.S.C. §552a (k)(2), 5 U.S.C. §552(b)(6), and 5 U.S.C. §(b)(7).

redacted pursuant to (k)(2), then it should not be listed as one of the applied exemptions. This concern is not isolated to the first entry.

Every single entry in the *Vaughn* Index includes (k)(2) as an applied exemption, but not one entry includes specifics as to the type of information redacted pursuant to (k)(2). All of the entries include, word-for-word, the same generic language addressing the relevance of (k)(2).[4] The entries adequately describe the information redacted pursuant to all applicable exemptions other than (k)(2). The Pineiro declaration sheds no light on the issue either. In fact, it muddles the issue even more. Pineiro states in his declaration that (k)(2) was applied to personnel identification information such as "the names, initials, email addresses, and/or phone numbers" pertaining to a range of ICE employees. (Rec. Doc. No. 16-1at 6-7). Yet, in the *Vaughn* Index itself, those redactions are attributed to (b)(6) and (b)(7)(C). (Rec. Doc. 16-1).

Ultimately, the document fails to communicate the necessary information. First, it does not make clear if all of the redacted information is described, let alone described adequately. Second, it only explains the relevance of exemption (k)(2) in conclusory

---

[4] "This document is investigatory material compiled for law enforcement purposes related to removal proceedings and is maintained in the Alien File, Index, and National File Tracking System of Records. All information contained within this system of records is exempt from release per (k)(2)."

and generalized terms. Therefore, it does not allow this Court to make a reasoned judgment as to whether the withheld material is actually exempt under FOIA. Consequently, the second and third "indispensable elements" of a *Vaughn* index are not met here. *See Founding Church of Scientology,* 603 F.2d at 949. The inadequacy of the *Vaughn* Index prevents summary judgment in Defendant's favor. To succeed on the Motion for Summary Judgment, Defendant must resubmit its *Vaughn* Index with the above issues corrected. Plaintiff's Second Motion for Summary Judgment contends that the Defendant has not carried its burden of proof because the Pineiro declaration does not meet the personal knowledge requirement of Fed R. Civ. P. 56(e).

### c. The Pineiro Declaration

As mentioned above, USCIS included with its *Vaughn* Index a declaration from Fernando Pineiro, the Deputy FOIA Officer at ICE who allegedly compiled the document. Including such affidavits with a *Vaughn* Index is common practice, as it allows the courts to more effectively evaluate the factual nature of the disputed information. *John Doe Agency*, 493 U.S. at 149 n.2. Here, however Plaintiff challenges the sufficiency of the declaration and the accompanying Index due to Pineiro's alleged lack of knowledge of the facts stated in the Index.

Plaintiff contends that the Declaration and Index are not based on Pineiro's personal knowledge as required by Fed. R. Civ.

10

P. 56(e) because Pineiro states in the document that the information contained therein is based upon his personal knowledge, his review of documents, and *information provided by other ICE employees*. (Rec. Doc. No. 16-1 at 2) (emphasis added). Plaintiff relies on this language to assume that Pineiro lacked personal knowledge of the facts included in the *Vaughn* Index, but he fails to explore the issue further. As Defendant's Memorandum in Opposition points out (Rec. Doc. No. 18 at 6-7), numerous federal courts have found that FOIA declarants may include information obtained in the course of their official duties within their affidavit. "A declarant is deemed to have personal knowledge if he has a general familiarity with the responsive records and procedures used to identify those records." *See, e.g., Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 19 (D.D.C. 2009) (citing *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981)). Accordingly, Pineiro's reliance on the information provided by ICE employees in the regular course of business falls within the meaning of personal knowledge.

Moreover, the individual coordinating a search for records is not only a permissible individual to complete the affidavit, but is the "*most appropriate* person to provide a comprehensive affidavit." *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)(emphasis added). *See also Spannause v. U.S. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987); *Meeropol v. Meese*,

11

790 F.2d 942, 951 (D.C. Cir. 1986). As Mr. Pineiro is responsible for the management and supervision of the ICE FOIA office, he is undoubtedly qualified to provide an affidavit for this purpose. Accordingly, there is no lack of personal knowledge requiring that the documents be stricken from the record. However, the deficiencies in the *Vaughn* Index do require correction.

V. **CONCLUSION**

In light of the foregoing,

**IT IS ORDERED** that Plaintiff's Second Motion for Summary Judgment (Rec. Doc. No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment remain **HELD IN ABEYANCE** until Defendant files into the record a corrected *Vaughn* Index that more clearly identifies each redaction within the documents and clearly explains the relevance of *each* applied exemption, in particular exemption (k)(2). **Defendant has until 14 days from the date of this order to file an updated *Vaughn* Index into the record.**

New Orleans, Louisiana, this 4th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE