UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL W. GAHAGAN                          CIVIL ACTION

VERSUS                                      NO. 15-796

UNITED STATES CITIZENSHIP AND               SECTION "B"(2)
IMMIGRATION SERVICES

ORDER AND REASONS

Before the Court is Plaintiff's ("Gahagan" or "Plaintiff") "Motion for Attorney's Fees and Costs Pursuant to the Freedom of Information Act." Rec. Doc. 26. Defendant, the United States Citizenship and Immigration Services ("USCIS"), timely filed a memorandum in opposition. Rec. Doc. 27. The Court then granted leave for Gahagan to file a reply memorandum. Rec. Doc. 30.

For the reasons set forth below,

IT IS ORDERED that the motion is DENIED.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He claims to have brought suit "due to the government's refusal to adequately search for and produce one (1) specific page of responsive agency record," a Form I-485 Receipt Notice, that Plaintiff needed to effectively represent his client in removal proceedings. Rec. Doc. 1 at 2. On June 11, 2015, this Court denied Gahagan's motion for summary judgment because the agency acted reasonably in conducting its original search and the document he originally sought had been provided to him since

the filing of the motion for summary judgment. *See* Rec. Doc. 10. However, the Court also required USCIS to ensure that its referrals to Immigration and Customs Enforcement ("ICE") were being processed in a timely manner. *Id*. Subsequently, the Court twice required Defendant to provide further justifications for the redactions to and withholdings of documents supplied by ICE. *See* Rec. Docs. 15, 22. Once USCIS provided this Court with a sufficient *Vaughn* Index that justified all redactions and withholdings, the Court issued judgment dismissing Plaintiff's claims. *See* Rec. Docs. 24, 25. Nevertheless, Gahagan claims that he is eligible for and entitled to attorney's fees and costs.

## II.  **THE PARTIES' CONTENTIONS**

Gahagan urges this Court to grant him $12,092.79 in attorney's fees and costs. Rec. Doc. 26 at 1. He claims that he is eligible for attorney's fees and costs under FOIA because he substantially prevailed in the litigation by forcing USCIS to search for and produce the requested 1-485 Receipt Notice. Rec. Doc. 26-2 at 5. Plaintiff further contends that he substantially prevailed by forcing USCIS to produce the referred records and a legally-adequate *Vaughn* index. *Id*. at 8-11. Gahagan also argues that he is entitled to attorney's fees and costs under the applicable four-factor test. *Id*. at 12. Finally, he maintains that the requested $12,092.79 is the result of reasonable hours billed at a reasonable rate plus actual costs. *Id*. at 18-24.

2

USCIS asks this Court to deny Plaintiff's motion in its entirety. First, Defendant contends that Gahagan is not entitled to attorney's fees and costs because he was not successful on his claims. Rec. Doc. 27 at 4. Further, Defendant claims that Gahagan has failed to meet any of the four factors needed to establish that he is entitled to attorney's fees. *Id*. at 8. Finally, in the event that the Court determines Gahagan is both eligible and entitled to attorney's fees, Defendant argues that the number of hours and hourly rate underlying his request for attorney's fees are unreasonable. *Id*. at 10-14. Plaintiff's reply memorandum rehashes his original arguments. *See* Rec. Doc. 30.

## III. <u>LAW AND ANALYSIS</u>

Under FOIA, a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The determination of whether the complainant substantially prevailed is known as the eligibility prong. *Batton v. I.R.S.*, 718 F.3d 522, 525 (5th Cir. 2013). If the complainant demonstrates eligibility, the court then considers a variety of factors to determine whether the complainant *should* receive fees—known as the entitlement prong. *Id*. (quoting *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2001). A complainant

3

must meet both prongs to receive attorneys' fees. Accordingly, this Court begins with the eligibility prong.

### a. Eligibility

FOIA explains that a complainant substantially prevails, and thus becomes eligible for fees, when he or she obtains relief through: (1) a judicial order or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency so long as the underlying claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii). Gahagan argues that he is eligible for attorney's fees because his lawsuit led to USCIS releasing the requested I-485 release form, producing the referred records, and preparing a *Vaughn* Index to justify their redactions and withholdings. Rec. Doc. 26-2 at 6-11. USCIS maintains that Gahagan is not eligible for fees because this Court already found that USCIS performed a reasonable search calculated to yield responsive documents. Rec. Doc. 27 at 5. Further, it claims that it only found the I-485 form because it conducted a supplemental search beyond its required duties in order to bring resolution to this matter. *Id*. at 6.

While this Court did find that USCIS originally conducted a reasonable search and found no FOIA violations, a complainant need not obtain relief through a judicial order or decree to become eligible for attorney's fees. 5 U.S.C. § 552(a)(4)(E)(ii). Rather, a voluntary disclosure by the agency can provide grounds for

4

attorneys' fees. *Id.* A party seeking fees on this ground must show that "prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between the action and the agency's surrender of the information." *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 871 (D.C. Cir. 1981) (quoting *Cox. v. U.S. Dep't of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979)) (internal citations omitted). "It is not enough to merely allege that because the documents were divulged after a lawsuit was filed, said information was released as a result of that suit." *Gahagan v. U.S. Citizenship and Immigration Servs.*, No. 14-1268, 2014 WL 4930479, at *2 (E.D. La. Oct. 1, 2014) (quoting *Arevalo-Franco v. I.N.S.*, 772 F. Supp. 959, 961 (W.D. Tex. 1991)).

Here, the government seemingly acknowledges that the present lawsuit was the catalyst for the release of the I-485 form by claiming that it found and released the form after conducting a supplemental search "in an effort to bring resolution to this matter." USCIS essentially admits that, but for this lawsuit, it would not have conducted the supplemental search that located the requested document. Accordingly, there appears to be a causal nexus between this action and the agency's release of the requested I-485 receipt notice. Thus, it seems that the eligibility prong is met. However, this Court need not decide that issue because it is clear that Gahagan is not *entitled* to attorney's fees.

**b. Entitlement**

This Court must consider four factors in deciding a FOIA complainant's entitlement to attorney's fees: "(1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Batton*, 718 F.3d at 527 (quoting *Texas v. ICC*, 935 F.2d 728, 730 (5th Cir. 1991). "The public benefit factor has been described as perhaps to most important factor in determining entitlement to a fee award." *Hernandez v. U.S. Customs and Border Protection Agency*, No. 10-4602, 2012 WL 398328, at *8 (E.D. La. 2012) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985)).

**1. The Public Benefit**

Gahagan maintains that there is "no doubt" that that the public benefitted from this litigation, citing to three cases he deems "legally identical" to the case at hand. Rec. Doc. 26-2 at 12 (citing *Mayock v. I.N.S.*, 736 F. Supp. 1561 (N.D. Cal. 1990); *Jarno v. Dep't of Homeland Sec.*, 365 F. Supp. 2d 733 (E.D. Va. 2005); and *Hernandez*, 2012 WL 398328). While the courts in those cases all found a public benefit entitling the complainant to attorney's fees, Gahagan is keenly aware of the major distinctions between those cases and his current case because Judge Brown of Section "G" of this Court rejected the identical argument from him

6

in a similar case just a few months ago. *Gahagan*, 2016 WL 1110229, at * 10-11 (hereinafter "*Gahagan*, Section "G"). In that case, Judge Brown found that:

> In all three of those cases, however, the plaintiff either sought information outside of that which was only relevant to his own case, or the requested documents were broadly disseminated to the public. . . . Here, Gahagan's requested records pertain solely to his client for use in a deportation proceeding. Therefore, Gahagan's case is not analogous to *Mayock*, *Jarno*, or *Hernandez*.

*Id*. at *11. In *Jarno*, the complainant sought information to disseminate to the public concerning the Department of Homeland Security's handling of a high-profile political asylum case. 365 F. Supp. 2d at 738. In *Hernandez*, the complainant sought general information relating to the United States Customs and Border Protection Agency's enforcement actions in the city of New Orleans "to establish an ongoing pattern of unlawful surveillance and suspicionless raids of immigrant construction workers on day laborer corners in New Orleans." 2012 WL 398328 at *1. Similarly, the *Mayock* complainant continued his FOIA suit after receiving the information sought by his clients so that he could prove that "the INS had a pattern and practice of not complying with FOIA in immigration cases." 736 F. Supp. at 1562. As in his case before Judge Brown, Gahagan here only sought a single record for use in his client's removal proceedings. He had no larger purpose aimed at benefitting the public as the complainants did in *Jargo*,

*Hernandez*, and *Mayock*. Accordingly, Judge Brown correctly concluded that those cases are not instructive in this context.

Further, Gahagan, citing primarily to *Jarno*, uses boilerplate language and canned arguments[1] to claim that the information he obtained provided a public benefit by shedding light on immigration policies, contributed to the legitimacy of the immigration process, and added to the fairness of his client's immigration proceeding. Rec. Doc. 26-2 at 13-14. Plaintiff sought one I-485 receipt notice so that he could terminate his client's removal proceedings by showing that he is in the process of applying for permanent residence as a relative of a U.S. citizen. Rec. Doc. 1 at 7. This Court cannot fathom any way in which that request sheds light on immigration policies. The process and policy here are quite apparent—all Gahagan needed was proof that his client had taken the step of applying for permanent resident status. Moreover, even if Gahagan's request contributed in some manner to the legitimacy or fairness of his client's immigration proceeding by ensuring that USCIS issued the Form I-485 receipt notice, the benefit to the public is tenuous. The release of the form here only served to help Gahagan's client, Mr. Patterson, and Gahagan himself. Plaintiff has not alleged and this Court has no reason to

---

[1] The arguments contained in Gahagan's motion here are nearly identical to, and copied almost verbatim from, those used in his motion for attorney's fees in his case before Judge Brown. *Compare* Rec. Doc. 27 *with* Rec. Doc. 49 in 14-CV-2233.

believe the USCIS has a history of withholding Form I-485 receipt notices that it should have already mailed to applicants. Movant fails to show a *public* benefit deriving from this lawsuit.

Finally, in *Jarno*, the case Gahagan relies on most heavily for his argument, the United States District Court for the Eastern District of Virginia relied on the preservation of fairness and legitimacy in immigration proceedings as only one among several grounds for finding a public benefit. Here, Gahagan has no justifiable grounds for claiming a public benefit other than some minor role in maintaining the fairness of a single immigration proceeding. "The public-benefit prong speaks for an award of attorney's fees where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoting *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979)) (internal alterations and quotation marks omitted). Here, the I-485 receipt notice will not assist citizens in making vital political choices in any conceivable way. Accordingly, the public benefit here has not been shown and the first and most important factor weighs against awarding attorney's fees.

## 2. The Commercial Benefit

Gahagan contends that he is not using the requested record for any reason other than to effectively represent his client, meaning there is no commercial benefit to him. Rec. Doc. 26-2 at

15. USCIS does not meaningfully challenge this assertion. *See* Rec. Doc. 27 at 9. Instead, Defendant argues that the lack of commercial interest is outweighed by Gahagan's personal interest. Rec. Doc. 27 at 9. It is evident that Gahagan received some indirect commercial benefit through receipt of the document because he is now able to more effectively advocate for his client and maintain the reputation of his law practice, which is undeniably a commercial endeavor. However, that commercial benefit is insubstantial, meaning this factor militates in favor of awarding Plaintiff attorney's fees. *See also Gahagan*, 2016 WL 1110229 at *12 (finding that this factor weighed in Gahagan's favor because USCIS did not truly contest it).

### 3. Complainant's Interest

Gahagan claims that his interest in requesting the documents was only to ensure that his client received a fair hearing in the pending removal proceedings. Rec. Doc. 26-2 at 15. USCIS claims that Gahagan only used FOIA as a discovery tool and that his interest was thus wholly personal. Rec. Doc. 27 at 9. In *Gahagan*, Section "G," Judge Brown found that Plaintiff's interest in obtaining his client's alien file to assist in removal proceedings did not implicate a personal interest. Id. at *12. Further, Judge Brown found Defendant's discovery argument unpersuasive because there is no right to discovery in deportation proceedings; thus Gahagan had no other option than to use FOIA to obtain the

10

requested records. *Id.* at 13. While acknowledging that Gahagan had some personal interest in ensuring that he represented his client effectively so as to maintain the reputation of his law practice, this Court agrees with Judge Brown's ultimate conclusion. The primary interest here was obtaining a fair hearing for Mr. Patterson by presenting all relevant documentation. And while that interest does not confer a significant public benefit (as discussed above), it does show that Gahagan did not enter into this lawsuit solely for personal reasons. Therefore, this factor also weighs in favor of granting attorney's fees.

### 4. The Government's Basis for Withholding

Gahagan argues that this factor favors granting him attorney's fees because USCIS's initial search for the I-485 receipt notice was unreasonable and because it was forced to issue a *Vaughn* Index. Rec. Doc. 26-2 at 16-18. As USCIS points out, these arguments clearly lack merit. Rec. Doc. 27 at 10. This Court already found USCIS's initial search for the I-485 receipt form reasonable. Rec. Doc. 10. Moreover, the *Vaughn* Index supplied by USCIS, though only submitted after Court order, demonstrated that all redactions and withholdings were proper. *See* Rec. Doc. 24. Though Gahagan did not obtain the I-485 receipt notice until after this litigation ensued, this Court found no FOIA violations by USCIS. Accordingly, there were no unreasonable withholdings by the

government and this fourth factor militates in favor of denying attorney's fees.

Unlike *Gahagan*, Section "G," where Judge Brown awarded attorney's fees after finding that three factors leaned in Gahagan's favor, only two factors here favor Plaintiff. The first and fourth factors indicate that Gahagan is not entitled to attorney's fees, while the second and third factors indicate that he is so entitled. Because the first factor is arguably the most significant, *Hernandez*, 2012 WL 398328 at *8, and because USCIS did not employ "the sort of dilatory litigation tactics that [the attorneys' fees] provision was aimed to prevent," *Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 49 (D.D.C. 2012), this Court finds that Plaintiff is not entitled to an award of attorney's fees.

IV.   <u>**CONCLUSION**</u>

For the reasons outlined above, Gahagan is not entitled to attorney's fees under FOIA. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for fees and costs is **DENIED**.

New Orleans, Louisiana, this 2nd day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE